UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.1:14 CR 13 |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LAVONTRAE MELVIN DURDEN, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Mr. Durden's Motion for Relief Under 28 U.S.C. § 2255.  Mr. Durden has argued that he is entitled to re-sentencing because his conviction under 18 U.S.C. § 924(c) (Count Three) for Brandishing a Firearm During and in Relation to a Crime of Violence was rendered unconstitutional by the decision in *Johnson v. United States*, 135 S. Ct. 2552 (2015).  On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 1192 L. Ed. 2d 569 (2015), which found that the residual clause, assessing a penalty for "conduct that presents a serious potential risk of physical injury to another" in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. §924(e)(2)(B) was unconstitutionally vague.  In a follow-up case, *Welch v. United States*, 136 S. Ct. 1257, 1268, 194 L. Ed.2d 387 (2016), the Supreme Court determined that the rule announced in *Johnson* was substantive and

should be applied retroactively.  *Johnson* did not invalidate any other portion of the definition of a "crime of violence."

A crime of violence under 19 U.S.C. § 924(c) means any offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  18 U.S.C. § 924(c)(3)(A),(B).   The underlying "crime of violence" referred to in Mr. Walker's third count is his conviction for Armed Bank Robbery under 18 U.S.C. § 2113 (a) & (d), (Count One).  His conviction for Armed Robbery required a finding that he unlawfully took or attempted to take property belonging to, or in the care, custody, control , management, or possession of any bank, through force, violence or intimidation, and in doing so, assaulted or put someone's life in jeopardy by the use of a dangerous weapon or device.

Under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 588-89 (1990), Mr. Durden's conviction meets the definition of a crime of violence under subsection (A), and the residual clause of subsection (B) need not be applied.   The element of "use of actual or threatened force or violence" meets the requirement that there be an element of "use, attempted use, or threatened use of physical force."   Brandishing a gun satisfies this element.  Further, even if the conviction relied on the alternative element of creating "fear of injury," the Sixth Circuit has indicated that this is the equivalent of intimidation, which, in turn is the equivalent of threatening physical force.   Because Mr. Durden's conduct constitutes a "crime of violence" without having to rely on the equivalent of the residual clause for 18 U.S.C. § 924(c)(3)(B), and because *Johnson* affected only the application of the residual clause language in the ACAA, *Johnson* has no arguable effect on the validity of Mr. Durden's conviction.

Further, the Sixth Circuit has held that Johnson does not invalidate the residual clause of 18 U.S.C. § 924(c)(3). *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). Therefore, even if Armed Bank Robbery did not constitute crimes of violence under Section 924(c)(3)(A), it would qualify under the residual clause of Section 924(c)(3)(B), and *Johnson* has not be held to have any effect on the validity of that section.

*Johnson* does not apply to his case, and any other potential claims are either time-barred and/or waived by his plea agreement. (ECF #28, at ¶ 20). *See, United States v. Morrison*, Case No. 16-5452 (6th Cir. January 25, 2017)(appeal waiver bars post-conviction claims of mis-classification as career offender under the Guidelines, even when there has been a change of law affecting the classification); 28 U.S.C. §2255(f); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004)(generally there is a one year statute of limitations on post-conviction claims).

The Motion to Vacate (ECF #62), is DENIED, and this case is terminated.

IT IS SO ORDERED.

    /s/ Donald C. Nugent
    DONALD C. NUGENT
    United States District Judge

DATED: March 22, 2017